RON BENDER (SBN 143364)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com, lls@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>WEST COAST DISTRIBUTION, INC.,<br><br>          Debtor. | Case No. 2:19-bk-20332-BB<br><br>Chapter 11<br><br>**DECLARATION OF KHALID LEMLIH IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS**<br><br>Hearing:<br>Date: [To be set by Court]<br>Time: [To be set by Court]<br>Place: Courtroom 1539<br>      255 East Temple Street<br>      Los Angeles, California, 90012 |

1

I, Khalid Lemlih, hereby declare as follows:

1. I am over 18 years of age. I am the Vice President of Operations of West Coast Distribution, Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case, and am therefore familiar with the business operations and financial books and records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I have access to the Debtor's books and records. I am familiar with the history, organization, operations and financial condition of the Debtor. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my knowledge of the Debtor's books and records.

3. I submit this declaration in support of the Debtor's following "First Day" motions (collectively, the "Motions"):

- MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO IMPLEMENT AND MAINTAIN CASH MANAGEMENT SYSTEM (the "Cash Management Motion");
- MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PAYMENT TO UTILITY COMPANIES PURSUANT TO 11 U.S.C. § 366; and
- MOTION AND MOTION FOR AUTHORITY TO (1) PAY PRE-PETITION PRIORITY WAGES; AND (2) HONOR PAID TIME OFF OBLIGATIONS.

4. All capitalized terms not defined herein shall have the same meanings afforded to them as in the Motions.

5. On August 30, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108.

6. Since 2005, the Debtor has been providing premier technology driven supply chain management, logistics warehousing, fulfillment and 3PL distributions services to clients in the apparel, retail, and lifestyle industries. The Debtor has worked with a wide range of established and rapidly growing brands. On behalf of those brands, the Debtor ships the brands' inventory daily to retailers, such as Walmart, Target, JCPenney, Kohl's, Neiman Marcus, Macy's, Bloomingdale's, and Saks Fifth Avenue.

7. The Debtor's operates out of three leased warehouses located at (1) 2760 Fruitland Avenue, Vernon, California 90058 (120,000 sf); (2) 2602 E. 37th Street Vernon, CA 90059 (171,000 sf); and (3) 12828 Carmenita Road, Santa Fe Springs, CA 90670 (268,000 sf). The three warehouses are located within 10 miles of one another, which allows the Debtor to reallocate employees to the particular warehouse that needs the labor at a moment's notice. The ability to staff each warehouse based upon the need on a particular day allows the Debtor to be extremely efficient and competitive within its industry.

8. The Debtor enters into agreements with its customers based upon each customer's needs. The services available to each customer include, but are not limited to, storing of inventory, fulfillment (shipping to various retailers as needed), and processing returns from retailers.

9. The Debtor uses information technology in connection with its warehouse management system to streamline the process of automating, integrating, and tracking all activities performed within its facilities. The performed activities include services, such as receiving, put away, picking & packing, and shipping. The utilization of the system brings great efficiency and accuracy, which translates into better services and cost savings for the Debtor's clients.

10. Each year through the Debtor's product fulfillment center and finishing facilities, the Debtor handles over 90 million garment units and 45 million flat folds for major brands, totaling over $1 billion worth of merchandise annually.

11. The benefits of the Debtor's information technology in warehousing for its customers include: having visibility into inventory, orders, customized reports, invoices, and other data; having access to real-time information throughout each phase of the logistics process; enjoying reduced costs, stemming from optimized efficiencies; and having an overall competitive advantage in the marketplace due to an optimized supply chain. In other words, the Debtor's warehouse management system is helping the Debtor's customers control inventory, view and manage all warehousing processes in real time, and reduce their overall logistics expenses, as they improve their own efficiency through the visibility that the Debtor provides.

12. In 2015, the Debtor decided to expand its operations and customer base. However, in doing so it grew too rapidly and the result was that although the Debtor's quantity increased, its quality in services rapidly declined. Originally, the Debtor believed that in expanding its business, even if it affected the Debtor's quality of services, the expansion would pay off in the long run. However, this strategy proved to fail when the Debtor's customers started to suffer and the Debtor accumulated large debts and started to run out of cash to finance the growth. Employees were overworked and started to quit, customer service quality declined, and warehouse space operated at close to 200% of the maximum capacity, which affected cost of goods sold. Furthermore, shipping errors started to accumulate, which resulted in chargebacks from customers that the Debtor had to absorb.

13. During this time, the Debtor acquired many new customers. As a result, the Debtor needed to increase its footprint by several hundred thousand square feet. In order to accomplish this task, the Debtor had to re-invest its profits and borrow funds in order to finance its growth plan. The Debtor financed some of the growth through a loan, extended terms with vendors, as well as capital contribution from its principals.

14. In late 2017, the Debtor lost some of its new customers. This loss coupled with the debts incurred as a result of the Debtor's attempted expansion left the Debtor in a situation where the Debtor no longer had the new customer income to service its increased debt. Ultimately, the Debtor came to the realization that its attempted growth plan was unsuccessful in terms of the projected revenue that had motivated the growth plan in the first place.

15. In 2018, the Debtor decided to consolidate some of its facilities by closing one of its facilities located in Pico Rivera, which helped to stabilize the Debtor's business and cash flow. However, the Debtor remained behind on its payments, including on payments owed to its staffing agencies that supply the majority of the Debtor's labor force.

16. On May 13, 2019, one of the Debtor's staffing agencies, Workforce Enterprises WFE, Inc. ("Workforce"), obtained a judgment against the Debtor in the amount of $4,255,370.44 (the "Judgment"). Thereafter, during the avoidable preference period on July 18, 2019, Workforce recorded an abstract of Judgment with the Los Angeles Recorder's Office. Based upon the results of a UCC Search dated August 26, 2019 obtained by the Debtor, Workforce has not recorded a notice of lien as a result of the Judgment with the California Secretary of State. Between the Judgment and the Debtor's other debt, the Debtor did not have the ability to satisfy its debt or to stop legal pursuit of its creditors, a number of whom have commenced litigation. While the Debtor believes that it is has a viable business that will succeed long into the future, the Debtor has no financial ability to pay off its extensive current debt. The Debtor made extensive efforts to try to settle the large debt owing to Workforce but no such settlement was possible.

17. Without a restructuring or significant reduction in the amount of the Debtor's current debt, the Debtor would be forced to shut down and liquidate its business, which the Debtor believes would result in no distribution to the Debtor's general unsecured creditors, cause the loss of hundreds of jobs of the Debtor's employees, and cause a massive disruption to the Debtor's many customers. In order to protect its assets and operations, maintain and enhance the

going concern value of the Debtor's business, and avoid a shut down and liquidation of the Debtor's business, the Debtor filed its bankruptcy case.

18. Prior to the Petition Date, the Debtor maintained two bank accounts at East West Bank. Pursuant to the Cash Management Motion, the Debtor seeks to maintain and keep open one of the Debtor's pre-petition checking accounts maintained at East West Bank. Specifically, the Debtor seeks to maintain and keep open the Debtor's checking account at East West Bank ending in 1581 (the "Maintained Bank Account") following the Petition Date. The Debtor will close the Debtor's other pre-petition bank account at East West Bank in accordance with the Guidelines of the Office of the United States Trustee.

19. The Maintained Bank Account currently receives automatic deposits from almost all of the Debtor's customers. Currently, the Debtor uses the Maintained Bank Account to receive automatic payments from customers and to make general operating disbursements. However, pursuant to the Motion, the Debtor is seeking only to maintain and keep open the Maintained Bank Account for the purpose of receiving automatic payments from its customers, and not to make disbursements from such account. All of the funds deposited into the Maintained Bank Account will be transferred, in their entirety, to the Debtor's debtor-in-possession bank accounts, from which the Debtor will make any necessary disbursements.

20. The Maintained Bank Account (and the automatic transfers set up to allow the Debtor's customers to make payments directly into the Maintained Bank Account) have been utilized by the Debtor for the collection of customer payments for some time and provide a very efficient and secure means of collecting and managing payments from many of the Debtor's customers.

21. I believe that the Debtor's transition into chapter 11 will be significantly less disruptive if the Debtor is permitted to keep open the Maintained Bank Account for the sole purpose of accepting customer payments. The Debtor will still open new debtor-in-possession accounts and sweep all of the funds from the Maintained Bank Account into the new debtor-in-possession accounts prior to making any disbursements.

22. Through the Maintained Bank Account, the Debtor receives significant payments via automatic transfers from customers. If the Debtor is not permitted to keep open the Maintained Bank Account and accept customer payments through such account, almost all of the of the Debtor's customers will have to redirect their automatic payments to new bank accounts, which would not only cause inconvenience to valuable customers but also result in significant disruptions and delays in the Debtor's ability to collect payments (in substantial amounts) from its customers. I believe that these disruptions and delays, in turn, will hamper the Debtor's cash flow and ability to pay critical operating expenses in the ordinary course of business. In short, if the Debtor is forced to close the Maintained Bank Account, I believe that there will be significant disruptions to the Debtor's operations.

23. I submit that the relief requested in the Cash Management Motion, if granted, will: (i) ensure the uninterrupted receipt of payments from the Debtor's numerous customers, (ii) minimize the disruption which would result from being forced to assist customers in redirecting their payments, (iii) allow for the fluid continuance of the Debtor's business transactions, including the payment of critical operating expenses, and (iv) assist in the Debtor's smooth transition into Chapter 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of August 2019, at Los Angeles, California.

_____
Khalid Lemlih, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled **DECLARATION OF KHALID LEMLIH IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _September 3, 2019_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyb.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _September 3, 2019_, I will serve the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _September 3, 2019_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
The Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☒ Service **BY OVERNIGHT MAIL** information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 3, 2019 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_    **F 9013-3.1.PROOF.SERVICE**

West Coast Distribution, Inc.
File No. 8966
Debtor, OUST, 20 Largest,
Secured
Service by Overnight Mail

West Coast Distribution, Inc.
2602 East 37th Street
Vernon, CA 90058

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

All Covered
Attn: Ilyne Rozwenc
Dept. 33163
P.O. BOX 39000
San Francisco, CA 94139-3163

C.M Supply CO.
Attn: Mario Torres
5936 Clara St.
Bell Gardens, CA 90201

Card Member Services
PO Box 790408
Saint Louis, MO 63179-0000

Consolidated Staffing Solution, Inc.
Attn: Brandon / Marie
PO BOX 743451
Los Angeles, CA 90074

CUSTOMIZED INC.
14826 Golden West Blvd.
Westminster, CA 92683

Fairway Staffing Agency Inc.
Attn: Cindy Cardenas
P.O. BOX 31001-2434
PASADENA, CA 91110-2434

FINEMANWEST & CO, LLP
801 South Figueroa Street Ste 1000
Los Angeles, CA 90017

nGroup Inc.
Attn: Alex De La O
1184 Springmaid Ave. Ste 104
Fortmill, SC 29708

Opportunity Staffing Inc.
Attn: Mandy
7625 Easter Avenue Ste D1
Bell Gardens, CA 90201

Pacific Express Pallets Recycle, Inc.
9501 Laurel Street
Los Angeles, CA 90002

PAPE Material Handling, Inc.
P.O. BOX 5077
Portland, OR 97208-5077

Premium Financing Specialists Corp.
24722 NETWORK PLACE
Chicago, IL 60673-1247

Reliable Resources, INC.
Attn: Daisy
5711 E. Beverly Blvd.
Los Angeles, CA 90022

Scalli Rasmussen
800 Wilshire Boulevard Ste 400
Los Angeles, CA 90017

Select Equipment
6911 8Th Street
Buena Park, CA 90620

Simplified Labor Staffing
Simplified Labor Staffing-Lynwood
PO BOX 31001-2427
Pasadena, CA 91110-2427

Three Star Global Inc.
P.O. BOX 601959
Charlotte, NC 28260

Western Area Security Services
Attn: Debra
2919 W Burbank Blvd., Suite C
Burbank, CA 91505-2351

Workforce Solutions WFS LLC
Attn: Adriana / Anabel
P.O. Box 741383
Atlanta, GA 30374-1383

Yale/Chase Equipment and Services, Inc.
PO BOX 848905
Los Angeles, CA 90084-8905

Wells Fargo Equipment Finance
PO Box 858178
Minneapolis, MN 55485-8178

HYG Financial Services Inc.
P.O. BOX 14545
Des Moines, IA 50306-3545

Jilali Elbasri
10871 Hideaway Dr
Cowan Heights, CA 92705

West Coast Distribution – 8966
Utilities & Agents for Service of Process

American Reclamation, Inc.
4560 Doran Street
Los Angeles, CA  90039-1006

JOHN R GASPARIAN
Agent for Service: American Reclamation, Inc.
4560 Doran Street
Los Angeles, CA 90039

AT&T
PO BOX 5025
CAROL STREAM, IL  60197-5025

AT&T
PAYMENT CENTER
SACRAMENTO, CA  95887

CT Corporation
Agent for Service: AT&T
818 West 7th Street, Suite 930
Los Angeles, CA  90017

City Of Santa Fe Springs
P.O. BOX 2120
Santa Fe Springs, CA  90670-3658

City of Santa Fe Springs
11710 E. Telegraph Road
Santa Fe Springs, CA 90670

City of Vernon
DEPT LA 23389
PASADENA, CA  91185-3389

City of Vernon
4305 S. Santa Fe Ave.
Vernon, CA 90058

Edison
P.O. BOX 300
ROSEMEAD, CA 91772-0001

CRISTINA E. LIMON
Agent for Service: Southern CA Edison Co.
2244 WALNUT GROVE AVENUE
ROSEMEAD CA 91770

Granite Telecommunications
Client ID #311
P.O. BOX 983119
Boston, MA 02298-9119

Granite Telecommunications
Attn: John P. Prinner
100 Newport Avenue Extension
Quincy MA 02171

Serv-Wel Disposal
901 S. Maple Ave.
Montebello, CA  90640-5411

TelePacific Communications
PO BOX 509013
San Diego, CA  92150-9013

CSC Lawyers Inc / Agent for Service: TelePacific Comm.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833

THE GAS CO
PO BOX C
MONTEREY PARK, CA  91756

CSC Lawyers Inc
Agent for Service: Southern CA Gas Co.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833

Verizon
PO BOX 660108
Dallas, TX  75266-0108

Verizon Wireless
PO BOX 9622
MISSION HILLS, CA  91346-9622

CT Corporation
Agent for Service: Verizon
818 West 7th Street, Suite 930
Los Angeles, CA  90017

Network Solutions, LLC
5335 Gate Parkway
Jacksonville, FL 32256

Legalinc Registered Agents, Inc.
Agent for Service for Network Solutions, LLC
10601 Clarence Drive, #250
Frisco, Texas 75033

Time To Reply Limited
Charis Cobham Way
East Horsely, Surrey,United Kingdon Leatherhead KT24 5BH

Amazon Web Services, Inc.
410 Terry Ave.
North Seattle, WA 98109-5210

CSC Lawyers Inc
Agent for Service for Amazon Web Services, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833

Google Apps
1600 Amphitheatre Pkwy
Mountain View, CA 94043

CSC Lawyers Inc
Agent for Service for Google Apps
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833