RON BENDER (SBN 143364)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email:  rb@lnbyb.com, lls@lnbyb.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>WEST COAST DISTRIBUTION, INC.,<br><br>          Debtor and Debtor in Possession. | Case No.: 2:19-bk-20332-BB<br>Chapter 11 Case<br><br>**DECLARATION OF ANDREW DE CAMARA IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER: (1) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES; (2) APPROVING OF THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF THE DEBTOR'S REJECTION OF THOSE UNEXPIRED LEASES AND EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF**<br><br><u>Hearing Date, Time and Location:</u><br>Date:  November 20, 2019<br>Time:  11:00 a.m.<br>Place:  Courtroom 1539<br>        255 E. Temple Street<br>        Los Angeles, CA  90012 |

1

## DECLARATION OF ANDREW DE CAMARA

I, Andrew De Camara, hereby declare as follows:

1. I am a Senior Managing Director of Sherwood Partners, Inc. ("<u>Sherwood Partners</u>"). I have approximately 25 years experience in strategic planning and financial planning including corporate restructurings, mergers & acquisitions and financial forecasting. I have been a professional at Sherwood Partners for approximately 18 years. I have extensive experience finding solutions for financially distressed companies and have been involved in various Chapter 11 filings as an advisor to debtors, secured creditors and unsecured creditor committees. Prior to joining Sherwood Partners, I worked in the licensing group at a major Hollywood studio where I was responsible for retail strategies both in the United States and internationally. I hold an M.B.A. from the University of Southern California. I also earned a Bachelor of Arts degree from Georgetown University.

2. Sherwood Partners is comprised of a total of approximately 22 professionals who are based in one of Sherwood's three offices (in New York City, in Santa Clara, California and in Los Angeles, California) who specialize in assisting financially distressed companies in all facets of their business. Sherwood Partners has vast experience in serving as a sales agent for all types of distressed businesses, both in regards to assisting companies with selling their assets and in actually selling assets itself when Sherwood Partners serves as an assignee for the benefit of creditors, which constitutes a substantial portion of Sherwood Partners practice. Sherwood Partners has served as a sales agent in connection with other bankruptcy cases.

3. Sherwood Partners has been retained by West Coast Distribution, Inc. (the "<u>Debtor</u>") to serve as the Debtor's sales agent in connection with its pending chapter 11 bankruptcy case.

4. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

5. I understand that the Debtor commenced its pending chapter 11 bankruptcy case on August 30, 2019 by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession.

6. I make this Declaration in support of the Debtor's motion for a sale of substantially all of its assets (excluding cash and avoidance causes of action). I am the principal at Sherwood Partners in charge of serving as the Debtor's sales agent. Ryan Small of Sherwood Partners is the other professional at Sherwood Partners who is spending a substantial amount of time working with me on this matter.

7. A number of months prior to the commencement of the Debtor's chapter 11 case, Sherwood Partners ran an active marketing process for a sale of the Debtor's business. No buyer came forward with a pre-petition purchase offer that could have been consummated despite the fact that an extensive data room was created by Sherwood Partners and a number of potentially interested parties conducted due diligence. I am hopeful that now that a buyer has the ability to purchase the Debtor's assets free and clear of the Debtor's pre-petition date that one or more financially viable buyers will step forward and agree to participate in the Court scheduled Auction.

8. Sherwood Partners, working in concert with the Debtor's management (primarily Khalid Lemlih), has established a very robust data room comprised of what I believe is all of the financial data that any prospective bidder for the Debtor's assets would need to be able to review in order to determine whether to make a bid for the Debtor's assets (and of course if any such

prospective bidder requests any additional information, Sherwood Partners and the Debtor's management would endeavor to provide such additional information).

9. Sherwood Partners, working with the Debtor and from its own independent research, identified a total of 64 target prospective buyers, not including insiders or creditors of the Debtor, as a likely interested buyer group as they consist primarily of parties involved in the same or similar industry as the Debtor. Sherwood is prepared to file the list of the 64 target prospective buyers with the Court under seal and would be prepared to share the list with any material creditors who sign a Non-Disclosure Agreement ("NDA") to determine if they have any further potentially interested parties that should be added to list. Sherwood Partners provided each of these 64 prospective buyers with the following: (i) a Sale Memorandum in the form attached hereto as Exhibit "1"; (ii) an outreach email in the form attached hereto as Exhibit "2"; (iii) the form of auction sale notice approved by the Court as part of the Sale Procedures Order; and (iv) a standard form of NDA. In addition to the 64 target prospective buyers identified, we subsequently identified two additional target prospective buyers to whom Sherwood Partners delivered all of the foregoing. We also provided all of the foregoing sale documentation directly to counsel for Workforce and invited counsel to Workforce to provide us with any contact information for any other prospective buyers. We did the same thing with Workforce during the pre-petition marketing process. During the pre-petition marketing process, Workforce did identify one prospective buyer with whom we spent a considerable amount of time, but that prospective buyer ultimately advised us that it was not interested in pursuing an acquisition of the Debtor's business. We did approach that same prospective buyer during this post-bankruptcy sale process, and that same prospective buyer advised us that it was not interested in pursuing a purchase of the Debtor's assets through this chapter 11 free and clear sale process. As of the date of this Declaration, neither Workforce nor its counsel has provided us with the identities of

4

any other prospective buyers, and Workforce has not indicated any interested in participating in this asset sale process as a buyer.

10. Any prospective buyer who signs an NDA and returns it to Sherwood Partners is provided access to the data room.

11. In addition to the foregoing, I understand that counsel for the Debtor has provided every creditor of the Debtor with a copy of the form of auction sale notice that I understand was approved by the Court as part of the Sale Procedures Order.

12. As of the date of this Declaration, 4 of the target buyers have signed NDA's and have been provided access to the data room and are in various stages of due diligence. A total of 4 others from the target buyer list have advised us that they may interested in reviewing this possible transaction and signing an NDA but thus far have not. A total of 17 entities from the target buyer list have affirmatively advised us that they are not interested in participating in this sale process. Sherwood Partners is and will continue to actively follow through with all other members of the target buyer list and any other party that contacts Sherwood Partners regarding this sale process and any other leads that Sherwood Partners obtains from any other source.

13. During the pre-petition sale process, I had various communications with Jalal El Basri ("JEB"), whom I understand is the Debtor's owner and principal but not involved in the day-to-day operations of the Debtor's business, regarding a possible interest that he or an affiliate may have in acquiring the Debtor's business. For a number of reasons, it was not possible to consummate any pre-petition sale. While Mr. Small and I have had extensive discussion and communication with Khalid Lemlih and Gladys Francisco of the Debtor, both of whom have been extremely helpful and responsive to us in connection with our sale efforts, I have not to my knowledge had any communications with JEB regarding whether he, directly or through an affiliate, intends to be participating in the Auction sale process. It is my

understanding that Richard Golubow was retained as bankruptcy counsel to represent a potential buyer during the pre-petition sale process that JEB was somehow involved with but, as indicated, it was never possible to consummate any pre-petition sale of the Debtor's business. I have contacted Mr. Golubow to inquire as to whether JEB or any affiliate or any other entity that Mr. Golubow represents intends to participate in the Auction sale process, and he has responded by advising that they are analyzing the situation and have not made any decisions yet.

14.　I have reviewed the Sale Procedures Order entered by the Court, and I am prepared to discuss with any prospective buyer the requirements for them to become a qualified bidder to participate in the Auction. I intend to do everything reasonably possible to assist any prospective bidder who is interested to become a qualified bidder to participate in the Auction.

15.　While I am hopeful that one or more qualified bidders will agree to participate in the Auction now that the opportunity exists to purchase the Debtor's assets free and clear of the Debtor's debt, this is a very difficult business to sell – both because of the very small profit margins and enormous amount of overhead that must be incurred and maintained in order to operate the Debtor's business – and because the business is entirely dependent upon being able to retain the Debtor's current customer base and hopefully be able to add new customers.

16.　I am confident that under the circumstances, the universe of prospective buyers is aware of this asset sale process and the opportunity to participate in the Auction. I am therefore confident that the Auction sale process will result in the highest and best sale price being paid for the Debtor's assets. So that the Court has the data to compare the outcome of the Auction sale process, Sherwood Partners is in the process of preparing a liquidation analysis that would provide the Court with the opinion of Sherwood Partners of what the economic outcome of any liquidation of the Debtor's business would be – both an immediate shut down and liquidation of the Debtor's business and a controlled one that would occur over time. Sherwood Partners will

cause the Debtor's counsel to file that liquidation analysis with the Court as much before the date of the Auction as possible.

17. Based upon my preliminary review, I believe that a going concern asset sale of the Debtor's assets if any buyer would pay a reasonably fair price for such assets would likely yield a significantly higher recovery for the Debtor's creditors than any liquidation of the Debtor's business given the enormity of the issues and expenses that would need to be incurred in shutting down and liquidating the Debtor's business.  While I understand that the Debtor's economic performance over the past few years has not been good, that does not change the fact that the Debtor's business operations are simply massive in terms of sheer volume of the Debtor's business.  As has been previously explained to the Court, the Debtor operates out of three enormous warehouse facilities that I understand comprise nearly 560,000 square feet.  Any shut down of the Debtor's business would require the Debtor or the liquidator to work with the Debtor's customers to enable them to remove the massive amount of inventory they have located at the Debtor's warehouse locations and relocate that inventory to a competitor of the Debtor.  That would be a very substantial undertaking that would take a lot of time and resources, all of which would need to be taken into account in any liquidation analysis of the Debtor.

18. Pursuant to the Sale Procedures Order entered by the Court, the Auction is scheduled to be held on November 20, 2019, commencing at 11 a.m., in the Court.  I will be present at the Auction.  The Court has set forth the various requirements that any bidder must meet in order to participate in the Auction.  The bid deadline established by the Court is November 15, 2019 at 5 p.m. PST.  After November 15, 2019 but prior to the Auction, I will cause to be filed with the Court a supplement to this Declaration that will update the Court as to any and all qualified bids that were timely submitted.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 30th day of October, 2019, at Los Angeles, California.

_____
ANDREW DE CAMARA, Declarant

# EXHIBIT "1"



# West Coast Distribution, Inc.

# SALE MEMORANDUM

Thank you for expressing interest in potentially acquiring the assets of West Coast Distribution, Inc. ("WCD," the "Company" or the "Debtor") which filed for Chapter 11 bankruptcy protection on August 30, 2019 with the United States Bankruptcy Court in the Central District of California, Los Angeles Division, case no. 2:19-bk-20332-BB. The Debtor concluded it was in the best interest of the Debtor, its creditors and its shareholders to file for Chapter 11 bankruptcy to provide the Debtor a forum to maximize the value of its assets.

This memorandum presents the Background & Introduction, Market Overview, Available Assets, and Terms & Conditions of Sale of certain assets ("Assets") that are proposed to be sold to one or more parties on the terms described below through a Bankruptcy Court approved free and clear asset sale pursuant to section 363(f) of the Bankruptcy Code.

*Disclaimer*

*This Memorandum contains information regarding certain operations and the business of the Company, and the information contained herein has been assembled for the purpose of providing interested parties with general information to assist in their evaluation of a possible acquisition of certain assets of the Company. Nothing contained in this Memorandum is, or shall be relied upon as, a promise or representation as to the past, present or future performance of the Company or its product or as providing any assurances of any kind regarding the Company's intellectual property or other assets. In furnishing this Memorandum, none of the Company or Sherwood Partners, Inc., undertakes any obligation to (and each expressly reserves the right not to) provide the recipient with access to any additional information of any kind with respect to the Company or any of its assets or operation.*

**COMPANY BACKGROUND & INTRODUCTION**

WCD is a full service 3PL (Third Party Logistics) and Supply Chain Management Provider on the West Coast. Industry specializations include apparel, retail, and lifestyle brands with services focused on everything from Fulfilment Warehousing to complex Finishing & Value-added solutions all located throughout Southern California. From start to finish, WCD focuses on implementing logistics strategies that save customers time and money while growing their brands.



WCD's warehouse management system automates and streamlines operations performed within the facilities complete with client accessible systems for real time updates. EDI (Electronic Data Interchange) allows for order information to flow seamlessly, RF Bar-coding automates and updates inventory information in real time, and the custom E-Portal allows clients to securely access this information anytime. Combined with top notch security tools and procedures at most product fulfillment centers makes WCD a comprehensive Supply Chain Solutions provider.

**MARKET OVERVIEW**

According to Grand View Research, Inc. the global Third Party Logistics (3PL) market size was estimated at USD 672.38 billion dollars in 2015. Variation in transportation capabilities and increased shipping demand have enabled service providers to enhance their supply chain activities. The third party logistics market is expected to progress as service providers are moving towards the use of automated freight payment and audit services to reduce costs. These providers are gaining competitive advantages by reducing capital expenditure (CAPEX), mitigating risks, managing inventory, and focusing on the core competencies of their business operations.



The emergence of Big Data and availability of industry-specific logistics services are expected to be the key driving factors boosting the industry growth. Lack of necessary internal control has resulted in the increase in outsourcing of these services by the middle market companies (including wholesalers and retailers) to overcome the logistic challenges.



**SERVICES**

WCD currently offers service options to encompass the Supply Chain needs of clients including the following:

*Fulfillment & Warehousing Services* – Warehousing and fulfilment services are offered across 550,000 square feet of facilities. Services are offered as shared or dedicated solutions. Shared Warehousing allows for maximum cost savings and scalability while Dedicated Warehousing provides the advantage of a fully customized long-term solution.

*Finishing & Value-Added Services* – WCD offers one of the most comprehensive Finishing Solutions Services Lists in the industry. Last minute / Urgent finishing projects are a specialty, and WCD can take on any custom jobs with ease at the accuracy and speed required.

**AVAILABLE ASSETS TO PURCHASE**

- Domain Name
- Fixed Assets, Including Machinery & Equipment
- Accounts Receivable
- Inventory
- Proprietary Operating Manual
- Procedures
- Distribution Channel

**TERMS AND CONDITIONS OF SALE**

The Debtor has retained Sherwood Partners, Inc. ("Sherwood") to serve as the Debtor's sales agent to assist the Debtor with the sale of the Assets. Sherwood will oversee the Debtor's asset sale process and facilitate and coordinate diligence requests from prospective buyers. Any asset sale will be subject to the approval of the Bankruptcy Court. A Bankruptcy Court approved template form of Asset Purchase Agreement ("APA") for prospective buyers to use will be provided upon request.

Due diligence will begin on Monday, October 21, 2019. The Debtor will provide access to its online due diligence data room to interested parties following execution of a confidentiality and non-disclosure agreement ("NDA"), which will be provided upon request. Each entity when executing the NDA shall be deemed to acknowledge and represent that (i) any entity wishing to bid on the Assets must comply with the bidding procedures for the Assets approved by the Bankruptcy Court in the Debtor's Chapter 11 bankruptcy case; (ii) it has an opportunity to perform due diligence on the Assets; (iii) it is not relying upon any written or oral statements, representations, or warranties of WCD, Sherwood or their respective staffs, agents or attorneys; and (iv) all provided documents and reports have been provided solely for the convenience of interested parties and neither the Debtor nor Sherwood (or their respective staffs, agents or attorneys) makes any representations as to the accuracy or completeness of same. The information contained in this Sale Memorandum has been provided by the Debtor. Neither the Debtor nor Sherwood represent that any of the information contained in this Sale Memorandum is a statement of opinion or fact. Interested parties are solely responsible for performing their own due diligence to determine the value and status of



the Assets through independent investigation by themselves and their legal and financial advisors. The Debtor and its principals will be available to host web presentations by teleconference with management and other technical resources that have been retained for this purpose.

At a hearing held on October 16, 2019, the Bankruptcy Court approved procedures pertaining to an auction sale of the Assets (the "Auction"). The following is a summary of the terms of the Auction and Asset sale process:

- The Auction will be held at the Bankruptcy Court on November 20, 2019, commencing at 11 a.m. PST. The Bankruptcy Court is located at 255 East Temple Street, Los Angeles, California, Courtroom 1539.
- Only qualified bidders shall have the right to participate in the Auction.
- The Bankruptcy Court has approved a template Asset Purchase Agreement ("Template APA"), excluding schedules and exhibits, for prospective bidders to use. The Template APA will be provided upon request.
- In order to participate in the Auction, a prospective bidder must do each of the following:
    (i) Deliver to counsel for the Debtor and to Sherwood by 5 p.m. PST on November 15, 2019, a black-lined version of the Template APA showing any changes the prospective bidder desires to make, including that each prospective bidder must include its proposed purchase price in the Template APA (which will be subject to overbid rights at the Auction);
    (ii) In addition to any debt that any prospective bidder desires to assume and any other form of consideration any prospective bidder desires to offer, each prospective bidder must agree to pay cash to the Debtor's estate of at least $1.25 million except for bidders previously authorized by the Bankruptcy Court to submit credit bids pursuant to section 363(k) of the Bankruptcy Code.
    (iii) Provide to counsel for the Debtor with a cash deposit in the amount of $250,000 by 5 p.m. PST on November 15, 2019 that counsel for the Debtor will hold in a segregated trust account and which deposit will be non-refundable and forfeited to the Debtor's bankruptcy estate in the event such prospective bidder is deemed to be the winning bidder at the Auction and fails to close its purchase within fifteen (15) business days following the date of entry of the Bankruptcy Court order approving the sale.
    (iv) It will be the responsibility of the winning bidder at the Auction to provide the evidence necessary to enable the winning bidder to demonstrate adequate assurance of future performance under any of the Debtor's executory contracts and unexpired leases that the winning bidder desires to take an assignment of, but obtaining such assignment may not be a condition to the winning bidder's forfeiture of its deposit if the winning bidder fails to close its purchase within fifteen (15) business days following the date of entry of the Bankruptcy Court order approving the sale.
    (v) Provide Sherwood by 5 p.m. PST on November 15, 2019 evidence to demonstrate that the prospective bidder has available to it cash and/or committed financing that would enable the prospective bidder to have the financial ability to consummate its purchase of the Assets if the prospective bidder is determined by the Bankruptcy Court to be the highest and best bidder. Any disagreement between Sherwood and the prospective bidder over the prospective bidder's financial qualification will be resolved by the Bankruptcy Court.
    (vi) If more than one qualified bidder appears at the Auction, the bid of the highest bidder as submitted in the bidder's Template APA shall constitute the initial bid at the Auction. Sherwood, working in concert with the Bankruptcy Court, will thereafter conduct the Auction. The bidding increments will be $25,000 or higher figures which are wholly divisible by $25,000.

A copy of the sale procedures order can be obtained from Sherwood upon written request. All bids will be required to conform to the procedures approved by the Bankruptcy Court. The Template APA will be provided to prospective buyers in WORD format upon request. The asset sale will be an "AS IS", "WHERE IS" sale with no representations or warranties provided by the Debtor as to merchantability, fitness or use. The Debtor will request that the Bankruptcy Court order that its sale of the Assets will be free and clear of all claims, liens, and interests pursuant to Section 363(f) of the Bankruptcy Code.

THE FOREGOING IS INTENDED TO BE A SUMMARY OF THE BANKRUPTCY COURT APPROVED TERMS OF CONDITIONS AND SALE. ORDER(S) OF THE BANKRUPTCY COURT AND PLEADINGS FILED WITH THE BANKRUPTCY COURT SHALL CONTROL IN THE EVENT OF ANY INCONSISTENCY BETWEEN THE TERMS OF SUCH COURT ORDERS(S)/PLEADINGS AND THIS OFFERING MEMORANDUM.



We appreciate your sincere interest in WCD and this very exciting offering for the Assets of the company. We look forward to working with you and your due diligence teams to provide enough material to make an informed purchase or investment decision.

For more information, answers to your questions or to schedule a due diligence session, please contact:

Andrew De Camara |  Sherwood Partners, Inc.
1801 Century Park East, Suite 1420  | Los Angeles, California 90067 | United States
Direct: +1 310 953 4711 | Facsimile: +1 310 943 1812 | Email: Ad@sherwoodpartners.com

Ryan Small |  Sherwood Partners, Inc.
1801 Century Park East, Suite 1420  | Los Angeles, California 90067 | United States
Direct: +1 310 997 2336 | Facsimile: +1 310 997 2336 | Email: rsmall@sherwoodpartners.com

SAFE HARBOR STATEMENT

This offering contains forward-looking statements. These statements are made under the "safe harbor" provisions of the U.S. Private Securities Litigation Reform Act of 1995. These forward-looking statements can be identified by words or phrases such as "will," "expects," "anticipates," "future," "intends," "plans," "believes," "estimates" and similar statements. Among other things, the business outlook and statements provided herein contain forward-looking statements. Statements that are not historical facts, including statements about WCD or Sherwood's beliefs and expectations are forward-looking statements. Forward-looking statements involve inherent risks and uncertainties. A number of important factors could cause actual results to differ materially from those contained in any forward- looking statement. Sherwood does not undertake any obligation to update any forward-looking statement except as required under applicable law. This Confidential Information Statement is neither an offer to issue or sell, nor the solicitation of offers to purchase, any securities.



# EXHIBIT "2"

**Ryan Small**

|  |  |
|---|---|
| Cc: | |
| Subject: | Opportunity to acquire the assets of West Coast Distribution, Inc. |
| Attachments: | West Coast Distribution - Sale Memorandum.pdf; West Coast Distribution - NDA.pdf |

We are contacting you to determine your interest in acquiring the assets of West Coast Distribution, Inc. ("WCD" or the "Debtor"), a full service 3PL (Third Party Logistics) and Supply Chain Management Provider on the West Coast. WCD is a debtor in a pending Chapter 11 bankruptcy case that WCD commenced with the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on August 30, 2019 before the United States Bankruptcy Court for the Central District of California (Los Angeles Division) – Case No.: 2:19-bk-20332-BB.  The Bankruptcy Court has set an auction sale to be held before the Bankruptcy Court on November 20, 2019 with respect to a sale of substantially all of the Debtor's assets.  The Bankruptcy Court has also approved various procedures for how a prospective buyer qualifies to participate in the auction sale and the manner in which the auction sale will proceed.

WCD has retained Sherwood Partners, Inc. to serve as the Debtor's sales agent in connection with this auction sale process. In anticipation of your interest, I am attaching an overview of the opportunity and a non-disclosure agreement ("NDA"). Additional information, including calls with management, will be provided upon receipt of an executed NDA. <u>If there is someone else in your organization for whom this email would be more appropriate, I would appreciate your passing it along.</u>

Please note that this will be an expedited asset sale process with a bid deadline of November 15, 2019.

I look forward to hearing from you.

Ryan



| | |
|---|---|
| | **Ryan Small** |
| | Rsmall@shrwood.com |
| | (310) 997-2336 Direct |
| | (310) 997-2336 Fax |
| | www.shrwood.com |
| | |
| | Silicon Valley | Los Angeles | New York |

**CONFIDENTIALITY NOTICE:** This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at info@shrwood.com or by telephone at (650) 454.8030, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled **DECLARATION OF ANDREW DE CAMARA IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER: (1) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES; (2) APPROVING OF THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF THE DEBTOR'S REJECTION OF THOSE UNEXPIRED LEASES AND EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **_October 30, 2019_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**     jbagdanov@bg.law, ecf@bg.law
- **Ron Bender**     rb@lnbyb.com
- **Beth Gaschen**     bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
- **Richard H Golubow**     rgolubow@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **David M Goodrich**     dgoodrich@wgllp.com, vrosales@wgllp.com;kadele@wgllp.com
- **Deb Harris**     deb_harris@karney.net, deb.har3@outlook.com
- **D Edward Hays**     ehays@marshackhays.com, 8649808420@filings.docketbird.com
- **Jeffrey A Krieger**     jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Kenneth G Lau**     kenneth.g.lau@usdoj.gov
- **Matthew A Lesnick**     matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Tinho Mang**     tmang@marshackhays.com, 8444806420@filings.docketbird.com
- **Catherine Schlomann Robertson**     crobertson@pahl-mccay.com, mle@pahl-mccay.com
- **Ariella T Simonds**     asimonds@ktbslaw.com
- **Lindsey L Smith**     lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Marcus Tompkins**     mtompkins@ygalaw.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **Reed S Waddell**     rwaddell@frandzel.com, sking@frandzel.com
- **Alan J Watson**     alan.watson@hklaw.com, rosanna.perez@hklaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **_October 30, 2019_**, I will serve the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                 **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***October 30, 2019,*** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
The Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2019 | Lourdes Cruz | */s/ Lourdes Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**